FILED
SUPERIOR COURT
OF GUAM

2019 JUN 28 AM 9: 55

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>PETER LEE NAVARRO TAINATONGO,<br><br>Defendant. | CRIMINAL CASE NO. CF0320-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 24, 2019, for hearing on Defendant Peter Lee Navarro Tainatongo's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance or Unsecured Bond with Proposed Third-Party Custodians ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Matthew Phelps was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on June 24, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On June 13, 2019, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Family Violence (As a Third Degree Felony); (3)

*People v. Tainatongo*
Case No. CF0320-19
Decision and Order

Aggravated Assault (As a Third Degree Felony); (4) Terrorizing (As a Third Degree Felony); and (5) Family Violence (As a Misdemeanor). (Indictment, Jun. 13, 2019). These charges stem from allegations that Defendant assaulted his girlfriend, Ms. Avery Lee Santos ("Ms. Santos") in February, May, and June 2019. *See* Decl. of Leonardo M. Rapadas, Magistrate's Compl., Jun. 5, 2019.

On or about February 8, 2019, Ms. Santos awoke in her residence as was surprised to see Defendant there, as they had broken up the day before. *Id.* When she asked Defendant why he had not left, Defendant responded by slapping and yelling at her, then punched her several times in the facial area. *Id.* When Defendant started to walk out, he turned around, charged her, and punched her repeatedly about her face and chest areas, before fleeing. *Id.*

On or about May 15, 2019, when Ms. Santos asked Defendant what he was angry about, he told her "I just want to kill you! I just want to beat you so bad!" to which she feared he would do due to his past behavior. *Id.*

On or about June 3, 2019, Defendant got angry with Ms. Santos, punched in the back of her head, and then attempted to hit her with a wooden club. *Id.* Ms. Santos was able to dodge the club and walked out of the residence and stayed away until Defendant begged her to come back. *Id.* Later that day, Defendant woke up in a bad mood and punched Ms. Santos causing her to black out. *Id.* He punched her head and face several more times and kicked her leg. *Id.* Ms. Santos heard her son telling Defendant to stop hitting his mom. *Id.* Ms. Santos was in and out of consciousness, and when she screamed at Defendant to not touch her and to leave, he punched her again causing her to black out again. *Id.* When she later regained consciousness, Ms. Santos attempted to call GPD, to which Defendant responded by taking the phone away and saying "You're not calling the police on me!" Ms. Santos then told Defendant to leave, which he complied with. *Id.*

On June 13, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $10,000 cash bail. *See* Commitment Order, June 5, 2019. At the Motion Hearing on June 24, 2019, the Government indicated that the alleged victim was currently off island and therefore did not oppose release.

On June 19, 2019, at Arraignment, Defendant asserted his right to a speedy trial. Jury Trial and Selection is currently set to commence on July 31, 2019 at 1:30 p.m.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jun. 10, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:
  (i)   length of his/her residence on Guam;
  (ii)  his/her employment status and history, and financial condition;
  (iii) his/her family ties and relationships;
  (iv)  his/her reputation, character and mental and physical condition;
  (v)   his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
  (vi)  his/her history relating to drug or alcohol abuse;
  (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
  (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
  (ix)  his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-four year old lifelong resident of Guam and U.S. citizen; that he has social and familial ties to Guam and will not flee the jurisdiction; has a low ORAS-PAT score; and that he has two minor children to support. *See* Mot. Bail Redetermination at 4. Although Defendant also seeks release into the custody of court-approved third party custodians in the alternative, no individuals have gone to Probation to apply as TPCs.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Although the alleged victim is currently off island, the Court notes that she has not relocated off island permanently. Defendant is charged in this matter with four third degree felonies, with one including an attached special allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, which carries a range of five to twenty five years in prison. Defendant is accused of repeatedly assaulting the victim in this matter, to the point that the victim was in and out of consciousness, and in the presence of the victim's son. Defendant also has another pre-trial Family Violence case still pending disposition in CM0329-18, and a Family Violence case that is post-adjudication whereby he is currently on probation in CF0483-17. The Court is concerned with Defendant's ability to exert self-control.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. The parties are to return for Further Proceedings on July 8, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to June 24, 2019, this ___June 28, 2019___.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

AG, PDSC

Date 6/28/19 Time 10:15 am

Deputy Clerk, Superior Court of Guam

*People v. Tainatongo*
Case No. CF0320-19
Decision and Order